UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MOTAH, LLC                                                                                                      PLAINTIFF

v.                                              No. 2:22-CV-02015

AMCO INSURANCE COMPANY                                                                      DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 27) for protective order and proposed protective order (Doc. 27-1). The parties seek protection of trade secrets, confidential commercial information, personnel records, and any other documents protected from disclosure by any applicable law. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to

competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial informationj.

The proposed protective order also includes personnel records. Courts routinely protect employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc*., No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). The Court finds that good cause has been shown for entry of a protective order regarding documents containing personal information.

The Court will separately enter a revised protective order.

IT IS SO ORDERED this 19th day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE