UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MOTAH, LLC                                                                                    PLAINTIFF

v.                                            No. 2:22-cv-02015

AMCO INSURANCE COMPANY                                                DEFENDANT

### OPINON AND ORDER

Before the Court is Defendant AMCO Insurance Company's motion to compel (Doc. 35). AMCO filed a brief (Doc. 36) in support of its motion, and Plaintiff Motah, LLC responded (Doc. 38). The Court ordered AMCO to reply (Doc. 39), and AMCO replied (Doc. 40). For the reasons set forth below, AMCO's motion will be GRANTED in part and DENIED in part.

**I. Background**

This is the Court's second foray into the parties' discovery disputes. In an earlier order, the Court denied Motah's motion to quash a third-party subpoena, and the Court granted AMCO's motion to enforce the subpoena. *See* Doc. 34. The current motion seeks the Court's intervention regarding essentially the same subject matter as the earlier order. AMCO's motion to compel seeks a Court order compelling Motah to produce (1) a privilege log, (2) a statement whether it has withheld documents based on privilege, (3) a response to Interrogatory 10, (4) responses to the second set of interrogatories, and (5) responses to the second set of requests for production. (Doc. 35, p. 3).

In its response, Motah asserts that it produced discovery responses which resolved all issues from the motion to compel. (Doc. 38, p. 2). Motah produced those discovery responses the same day it filed its response to the instant motion. Motah argues that the privilege log and statement about withheld documents are not necessary because it has not withheld any privileged

1

documents.  *Id.*  Motah also argues that the updated discovery responses resolved the remaining issues related to Interrogatory 10 and the second set of interrogatories and requests for document production.  *Id.*  Specifically, Motah asserts that information related to its financial condition is no longer relevant because it is no longer seeking "additional damages for economic hardship, business income loss, or other economic damages other than those stated herein."  *Id.* at 3.  Motah has amended its complaint to reflect that change.  (Doc. 43).

The Court ordered AMCO to reply to determine if AMCO agreed the supplemental responses resolved the issues in the motion to compel.  (Doc. 34).  AMCO admits in its reply that the supplemental response to Interrogatory 10 is sufficient.  (Doc. 40, n. 2).  AMCO also no longer seeks a privilege log or statement regarding withheld documents based on privilege.  Instead, AMCO argues that Motah engaged in discovery misconduct by claiming a privilege when none existed.  *Id.* at 4–6.  With those concessions, the only remaining issues are Motah's responses to the second set of interrogatories and requests for document production.

## II. Legal Standard

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  Federal district courts are vested with very wide discretion in determining the scope of discovery.  *See, e.g.*, *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (observing that "appellate review of a district court's discovery rulings is both narrow and deferential," and that a district court's discovery ruling will not be reversed "absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)).

2

A party can move to compel discovery responses. Fed. R. Civ. P. 37(a). If a court grants the motion or "if the disclosure or requested discovery is provided after the motion is filed," the court can order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5). A court cannot order payment, however, if the movant did not confer in good faith, the opposing party's objection was justified, or other circumstances make payment unjust. *Id.* A court can apportion expenses if the motion is granted in part and denied in part. *Id.*

### III. Analysis

The only remaining issues from AMCO's motion to compel are Motah's responses to two interrogatories and three requests for production. As indicated in the Court's previous order, "financial records could reflect any repairs or work done since 2008, or since the 2019 storm at issue." (Doc. 34, p. 3). The Court's previous order addressed the same discovery requests that remain at issue now. The Court has carefully reviewed the interrogatories and requests for production and Motah's responses to those requests. (Docs. 40-2 & 40-3).

The Court grants AMCO's motion as it pertains to Interrogatory 13, Request for Production 35, and Request for Production 36. Motah's responses to these requests largely focus on its decision to amend the type of damages it seeks. Nevertheless, the Court's previous reasoning still applies—financial records after 2008 could contain information related to any repairs or work done to the roof. The information AMCO seeks is still relevant, and Motah's responses are insufficient.

To the extent Motah argues that documents were destroyed, the Court cannot see how a water leak that damaged a filing cabinet prevents Motah from identifying financial institutions where it had accounts from 2008 to the present or producing those bank statements. Motah has control over its bank accounts and has an obligation to provide this information to AMCO. *See*

*R&R Packaging, Inc. v. Evenflo Co.*, 2022 WL 1086206, at *1 (W.D. Ark. Apr. 11, 2022) (for Rule 34 document requests, "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand") (*quoting Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)).  The Court is also unconvinced by Motah's argument that its accountant provided appropriate responses for two reasons.  First, AMCO indicates the accountant provided statements from 2015–2020, less than half of the time requested.  (Doc. 40, n. 3).  Second, the Court has already indicated these requests are not duplicative.  (Doc. 34, p. 4).  For these reasons, Motah must respond to Interrogatory 13 and produce documents in response to Requests 35 and 36.

The Court denies AMCO's request as it relates to Interrogatory 14 and Request for Production 34.  After reviewing Motah's response to Interrogatory 14, the Court finds the response sufficient.  AMCO can also review Motah's tax returns because the Court compelled production of the returns in response to Request 36.  As to Request 34, the Court first finds the request overbroad because the credit history request is not limited to the time frame of 2008 to the present.  Second, the Court believes that a credit history request will not produce information related to roof maintenance or repairs that will not also be disclosed in the compelled responses above.  However, Motah is ordered to review its credit history to see if any information relates to roof maintenance, roof expenses, or any other work completed on the roof.  If Motah finds any information about the roof, it must produce that information from the credit history.

### IV. Fees

The Court will order Motah to pay AMCO's reasonable expenses, including attorney's fees, under Rule 37(a)(5).  First, the Court has already noted Motah's "dilatory document production" in this matter. (Doc. 34, p. 4).  This is now the second time the Court has ordered

Motah to respond to the supplemental discovery requests.  Second, Motah admitted that has not withheld any documents based on privilege, even though it had previously asserted privilege objections.  The Court will not condone the misleading use of privilege objections.  Third, Motah's sufficient response to Interrogatory 10 came only after AMCO filed a motion to compel.  For these reasons, the Court will order Motah to pay AMCO's reasonable expenses incurred in preparing the motion to compel.  <u>AMCO is directed to file an affidavit documenting its fees and expenses incurred in bring the instant motion by October 21, 2022.  Motah will be given 7 days to file any objections.</u>  The Court will apportion the expenses because it grants in part and denies in part AMCO's motion.  *See* Fed. R. Civ. P. 37(a)(5)(C).

    IT IS THEREFORE ORDERED that Defendant AMCO's motion (Doc. 35) is GRANTED in part and DENIED in part.

    IT IS SO ORDERED this 14th day of October, 2022.

                                                /s/ P. K. Holmes, III
                                                P.K. HOLMES, III
                                                U.S. DISTRICT JUDGE